Subject to and without waiving the foregoing objections and to the extent Finjan understands this Topic, Finjan will produce a witness to testify on the facts and circumstances concerning Finjan's efforts to provide notice to Defendants concerning the '194 and '962 Patents.

## TOPIC NO. 27:

Products and services that compete with any Finjan products and/or services embodying the Finjan patents.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 27:

Finjan incorporates by reference its General Objections as if fully set forth herein. Finjan objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Finjan further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Finjan objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Finjan objects to this Topic as overly broad and unduly burdensome in seeking information that is not limited in time.

## TOPIC NO. 28:

Facts supporting Finjan's claim that monetary damages are an inadequate remedy for the alleged infringement of the Finjan patents, including facts supporting Finjan's claim that it would be irreparably harmed by the Defendants' alleged infringement of the Finjan patents.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 28:

Finjan incorporates by reference its General Objections as if fully set forth herein. Finjan objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Finjan

23

objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Finjan further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Finjan objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware. Finjan objects to this Topic to the extent it seeks a third-party's confidential, proprietary, and/or trade secret information for which Finjan is under a legal or contractual obligation to keep confidential. Finjan objects to this Topic as overly broad and unduly burdensome in seeking information that is not limited in time.

Subject to and without waiving the foregoing objections and to the extent Finjan understands this Topic, Finjan will produce a witness to testify on facts related to the irreparable harm to Finjan's business from Defendants' infringing activities.

**TOPIC NO. 29:**

Any and all lost sales, lost profits or price erosion Finjan has suffered as a result of any of Defendants' products or services, including but not limited to the identification of each of Defendants' products or services as to which Finjan has lost a sale, lost profits or suffered price erosion as a result of any of the Defendants' products or services, the identification of which of Defendants' products or services that caused such alleged losses with respect to which Finjan products, each customer as to which Finjan has lost a sale, lost profits or suffered price erosion, due to the sale of an allegedly competing Finjan product or service, the number of units that comprised such lost sale and the revenue on each such lost sale.

24

**OBJECTIONS AND RESPONSES TO TOPIC NO. 29:**

Finjan incorporates by reference its General Objections as if fully set forth herein. Finjan objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Finjan objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Finjan further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Finjan objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware. Finjan objects to this Topic as overly broad and unduly burdensome in seeking information that is not limited in time.

**TOPIC NO. 30:**

All facts known to Finjan concerning customer demand for the inventions claimed in the Finjan patents.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 30:**

Finjan incorporates by reference its General Objections as if fully set forth herein. Finjan objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Finjan further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Finjan objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Finjan objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

25

Subject to and without waiving the foregoing objections and to the extent Finjan understands this Topic, Finjan will produce a witness to testify on customer demand for the claimed inventions.

**TOPIC NO. 31:**

All facts and circumstances concerning Finjan's delay in filing this lawsuit against Defendants.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 31:**

Finjan incorporates by reference its General Objections as if fully set forth herein. Finjan objects to this Topic to the extent it states a legal conclusion, e.g. "delay." Finjan objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Finjan further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection.

**TOPIC NO. 32:**

Finjan's relationship with Microsoft and any value derived from the Finjan-Microsoft license agreement, including but not limited to endorsements or planned endorsements of Finjan's technology by Microsoft, joint promotional or planned joint promotional activities, joint research and development or planned joint research and development activities, press releases or other marketing activities or planned press releases or other marketing activities in which Finjan benefitted from the Finjan-Microsoft license agreement.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 32:**

Finjan incorporates by reference its General Objections as if fully set forth herein. Finjan objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not

likely to lead to the discovery of admissible evidence.  Finjan further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection.  Finjan objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony.  Finjan objects to this Topic to the extent it seeks a third-party's confidential, proprietary, and/or trade secret information for which Finjan is under a legal or contractual obligation to keep confidential. Finjan objects to this Topic as overly broad and unduly burdensome in seeking information that is not limited in time.

Subject to and without waiving the foregoing objections and to the extent Finjan understands this Topic, Finjan will produce a witness to testify on Finjan's relationship with Microsoft and value derived from the Finjan-Microsoft license agreement.

**TOPIC NO. 33:**

Facts and conclusions regarding determination of Finjan's value made by M86 or other parties during the acquisition of Finjan by M86, including but not limited to the value of the Finjan patents, the value of the Finjan-Microsoft license agreement, purchase price amount and allocations made for M86's financial records and financial statements, and analysis of value made by third parties (such as investment bankers or accountants) during due diligence or other purchase related activities.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 33:**

Finjan incorporates by reference its General Objections as if fully set forth herein.  Finjan objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence.  Finjan further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or

27

seeks information protected by any other applicable privilege or protection. Finjan objects to

this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Finjan objects to

this Topic as irrelevant to the extent it seeks information about patents not at issue in this present

action.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James R. Hannah
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Dated: November 28, 2011
1037044

By: _____
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Finjan, Inc. (now known as FI Delaware,*
*Inc.)*

28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Jonathan A. Choa, hereby certify that, on November 28, 2011, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

### BY E-MAIL

Jack B. Blumenfeld, Esq.
Maryellen Noreika, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
MNATSymantec_Finjan@mnat.com

*Attorneys for Defendant*
*Symantec Corp.*

Thomas C. Grimm, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
webrootsoftware_finjan@mnat.com
websense_Finjan@mnat.com

*Attorneys for Webroot Software, Inc. and*
*Websense, Inc.*

Denise S. Kraft, Esq.
Aleine Porterfield, Esq.
DLA Piper LLP (US)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
Denise.kraft@dlapiper.com
Aleine.porterfield@dlapiper.com

*Attorneys for Defendant*
*Sophos Inc.*

Thomas L. Halkowski, Esq.
William J. Marsden, Jr., Esq.
Lauren Murphy Pringle, Esq.
Linhong Zhang, Esq.
Fish & Richardson P.C.
222 Delaware Avenue, 17th floor
Wilmington, DE 19899
halkowski@fr.com
marsden@fr.com
pringle@fr.com
Zhang@fr.com

*Attorneys for Defendant*
*McAfee, Inc.*

**BY E-MAIL**

David A. Nelson, Esq.
Quinn Emanuel Urquhart & Sullivan
500 West Madison Street
Suite 2450
Chicago, IL 60661
Finjan-Symantec@quinnemanuel.com

*Co-counsel for Defendant*
*Symantec Corp.*

Mark D. Baker, Esq.
Quinn Emanuel Urquhart & Sullivan
51 Madison Avenue, 22nd Floor
New York, NY 10010
Finjan-Symantec@quinnemanuel.com

*Co-counsel for Defendant*
*Symantec Corp.*

Jennifer A. Kash, Esq.
Sean S. Pak, Esq.
Quinn Emanuel Urquhart & Sullivan
50 California Street, 22nd Floor
San Francisco, CA 94111
Finjan-Symantec@quinnemanuel.com

*Co-counsel for Defendant*
*Symantec Corp.*

Wayne O. Stacy, Esq.
Orion Armon, Esq.
Carolyn V. Juarez, Esq.
James P. Brogan, Esq.
Cooley LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021
Webroot-finjan@cooley.com

Mark T. Smith, Esq.
Cooley LLP
3175 Hanover Stareet
Palo Alto, CA 94304
Webroot-finjan@cooley.com

*Co-counsel for Defendant*
*Webroot Software, Inc.*

John S. Kyle, Esq.
Anthony M. Stiegler, Esq.
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121
Websense-Finjan@cooley.com

*Co-counsel for Defendant*
*Websense Inc.*

Adam Pivovar, Esq.
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Websense-Finjan@cooley.com

*Co-counsel for Defendant*
*Websense Inc.*

2

John Allcock, Esq.
John D. Kinton, Esq.
Kathryn Riley Grasso, Esq.
DLA Piper LLP
401 B Street, Suite 1700
San Diego, CA 92101
John.allcock@dlapiper.com
John.kinton@dlapiper.com
Kathryn.riley@dlapiper.com

*Co-counsel for Defendant*
*Sophos Inc.*

Justin M. Barnes, Esq.
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
barnes@fr.com
FinjanDelawareF&RService@fr.com

*Co-counsel for Defendant*
*McAfee, Inc.*

David J. Healey, Esq.
Fish & Richardson P.C.
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
healey@fr.com
FinjanDelawareF&RService@fr.com

*Co-counsel for Defendant*
*McAfee, Inc.*

Todd S. Patterson, Esq.
DLA Piper LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701
Todd.patterson@dlapiper.com

*Co-counsel for Defendant*
*Sophos Inc.*

Adam R. Steinert, Esq.
Fish & Richardson, P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
steinert@fr.com
FinjanDelawareF&RService@fr.com

*Co-counsel for Defendant*
*McAfee, Inc.*

Jonathan A. Choa (#5319)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
jchoa@potteranderson.com

# Exhibit 3

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Southern District of New York

| | |
|---|---|
| Finjan, Inc., | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. C.A. No. 10-593-GMS |
| McAfee, Inc. et al. | ) |
| _____ | ) (If the action is pending in another district, state where: |
| *Defendant* | ) USDC – D. Del.          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Ezra Sofer
         67 Harrington Ave, Closter, NJ 07624-1105

☒*Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Fish & Richardson P.C.<br>601 Lexington Avenue, 52nd Floor<br>New York, NY 10022 | Date and Time: 01/27/2012 9:00 am |
|---|---|---|

The deposition will be recorded by this method:  Videography and Stenography

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A

Date 1/27/2012
Location: Fish & Richardson P.C.,601 Lexington Avenue, 52nd Floor, New York, NY 10022

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  1/12/2012

CLERK OF COURT

OR  _____

_____                          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     McAfee, Inc.
_____ , who issues or requests this subpoena, are:

Adam Steinert, Fish & Richardson P.C., 60 South 6th Street, Suite
3200, Minneapolis, MN 55402 (612) 337-2539 steinert@fr.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person— except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A TO SUBPOENA TO EZRA SOFER

**DEFINITIONS**

1.     The term "the '194 patent" shall refer to U.S. Patent No. 6,092,194.

2.     The term "the '962 patent" shall refer to U.S. Patent No. 6,480,962.

3.     The term "Finjan patents-in-suit" shall refer to U.S. Patents Nos. 6,092,194 and 6,480,962.

4.     The term "Finjan related patents" shall refer any patent or application related to the '194 or '962 patents, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction or re-issue, whether issued, pending, or abandoned.

5.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside the scope.

6.     The term "any" shall include "all" and "all" shall include "any."

7.     The term "communication" shall mean, including its usual and customary meaning, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including, but not limited to, electronic communications and electronic mail.

8.     The term "describe" shall mean, in addition to its usual and customary meaning, to identify all persons with knowledge of the information sought in the interrogatory and to identify all documents referring, regarding or relating to the information sought in the interrogatory.

9.     The term "document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include within its meaning any and all communications, papers, videotapes or video recordings, photographs, films, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes the information stored in any form, including electronic form, on a computer or in a computer database or otherwise, including electronic mail. Moreover, the term "document" shall also

include all "technical documents," such as source code, specifications, schematics, flow charts, artwork, drawing, pictures, pictorial representations, formulas, troubleshooting guides, service bulletins, technical bulletins, production specification sheets, white papers, operator manuals, operation manuals and instruction manuals.

10.     The terms "Finjan" shall refer to FI Delaware, Inc. (f/k/a Finjan, Inc.) and shall include all its predecessors or successors (merged, acquired or otherwise), parents, divisions, subsidiaries, associated organizations, joint ventures, and affiliates thereof, as well as any present and former officers, directors, trustees, employees, counsel, staff members, agents or other persons acting on its behalf, in any country, including FSI Delaware, Inc. (f/k/a Finjan Software, Inc.) and Finjan Software Ltd.

11.     The term "Finjan instrumentality" shall refer to any instrumentality incorporating, embodying, practicing or otherwise covered by any claim of any of the Finjan patents.

12.     The terms "M86" and "M86 Security" shall refer to M86 Security, Inc. and shall include all its predecessors or successors (merged, acquired or otherwise), parents, divisions, subsidiaries, associated organizations, joint ventures, and affiliates thereof, as well as any present and former officers, directors, trustees, employees, counsel, staff members, agents or other persons acting on its behalf, in any country.

13.     The term "identify" shall mean to state the following: (1) when referring to a person, the person's full name, present or last known address, and the last known title and place of employment; (2) when referring to a business, legal, or governmental entity or association, the name of the entity or association, and the address of its main office; (3) when referring to a fact, the fact and the identity of the documentary or testimonial support for that fact; (4) when referring to a product or thing, the title or model name/number, any code name, project name or other name by which it has been referred, and a general description of the product or thing; (5) when referring to a written communication, the identity of the document(s) in which the communication was made; (6) when referring to an oral communication, the identity of all persons participating in the communication; (7) when referring to nonpatent documents, the Bates number, type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s) and recipient(s); and (8) when referring to patent documents, the country, patent and/or application number, dates of filing, publication and grant, and the names of the patentees or applicants.

14.     The term "including" shall mean including but not by way of limitation.

15.     The term "infringe" or any variation thereof, including "infringing," "infringement" and "infringer" shall refer to the commission of any act constituting infringement under the Patent Laws, including but not limited to 35 U.S.C. § 271.

16.     The term "instrumentality" shall mean any process, machine, manufacture or composition of matter, or improvement thereof, within the meaning of the Patent Laws, including 35 U.S.C. § 101.

2

17.     The term "Patent Laws" shall refer to Title 35 of the United States Code.

18.     The term "person" shall refer to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

19.     The term "prior art" shall refer to all publications, patents, physical devices, prototypes, products, manufactures, uses, sales, offers for sale, imports or other activities concerning the subject matter of the Finjan patents and existing on or occurring at a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

20.     The term "McAfee" shall refer to McAfee Incorporated and includes all its predecessors or successors (merged, acquired or otherwise), parents, divisions, subsidiaries, associated organizations, joint ventures, and affiliates thereof, as well as any present and former officers, directors, trustees, employees, counsel, staff members, agents or other persons acting on its behalf, in any country.

21.     The term "Defendants" shall refer to McAfee, Inc., Symantec Corp., Webroot Software, Inc., Websense, Inc., and Sophos Inc.

22.     The terms "relate to," "reflecting," "relating to," or "concerning" or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate.

23.     The term "thing" shall mean any tangible object, other than a document.

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**INSTRUCTIONS**

1.     If any portion of a document is responsive to a request, the entire document shall be produced, redacting only privileged material if any.

2.     You are to produce the original and each non-identical copy of each document requested herein that is in your possession, custody or control.

3.     Files and records should be retained and produced in their original form and sequence, including file folders, to the maximum extent feasible. Alternatively, each document produced in response to any of the requests for production below shall be organized and labeled to correspond to the specific request for production to which it is responsive. The originals should remain available for inspection on reasonable notice.

3

4.      Each item produced should bear unique identifying control numbers (e.g. Bates labels) on each item or page if the item is a document.

5.      If you contend that you are not required to provide a certain document or thing on the grounds of a privilege or protection that you are not prepared to waive, provide a written list describing each item not produced using the unique identifying numbers (e.g. Bates labels) to specify documents or ranges. For each item on the list include the following:

(i)     the specific privilege asserted;
(ii)    all persons making or receiving the item or document;
(iii)   the date of the item or document; and
(iv)    the subject matter of the item or document.

6.      Electronic records and computerized information should be produced in an intelligible format or together with a description of the system from which it is derived, sufficient to permit rendering the material in an intelligible format.

7.      These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents and things related to any license or offer to license the Finjan patents-in-suit or any other Finjan patents, including without limitation the negotiations for such agreements, any draft agreements exchanged, and any due diligence related thereto.

### DOCUMENT REQUEST NO. 2:

All documents and things related to any license any technology, including any Original Equipment Manufacturer ("OEM") license, between Finjan and the Defendants, their predecessors, successors, or affiliates, including without limitation the negotiations for such agreements, any draft agreements exchanged, and any due diligence related thereto.

### DOCUMENT REQUEST NO. 3:

All documents and things related to the relationship between Finjan and M86, including without limitation the negotiations for said agreement, any draft agreements exchanged, and any due diligence related thereto.

**DOCUMENT REQUEST NO. 4:**

Documents and things sufficient to identify all revenue, profits and costs generated from the production, development, sale, or license of any instrumentality that practices the Finjan patents-in-suit.

**DOCUMENT REQUEST NO. 5:**

Non-privileged documents, communications, or opinions concerning the lawsuit against Defendants or Defendants' alleged patent infringement, including the potential of Finjan bringing such a lawsuit against Defendants.

**DOCUMENT REQUEST NO. 6:**

Documents and things sufficient to show any valuation of Finjan or the Finjan patents-in-suit by Finjan or another party.

**DOCUMENT REQUEST NO. 7:**

All documents and things related to Finjan's actual and projected net revenues, profits, and/or losses on product sales, technology licenses, or distributions or other transfers of any Finjan patent or Finjan instrumentality, including Finjan's profit and loss statements.

**DOCUMENT REQUEST NO. 8:**

All documents and things related to Finjan's financial statements, including but not limited to any documents and things used to prepare such statements.

**DOCUMENT REQUEST NO. 9:**

All documents and communications concerning your decision to leave Finjan.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

FINJAN, INC.,             )
                                    )
             Plaintiff,      )
                                    )
v.                                )   C.A. No. 10-593 (GMS)
                                    )
MCAFEE, INC., SYMANTEC CORP.,   )   **JURY TRIAL DEMANDED**
WEBROOT SOFTWARE, INC., WEBSENSE )
INC., and SOPHOS, INC.,          )
                                    )
             Defendants.     )
                                    )

## MCAFEE, INC.'S NOTICE OF SUBPOENA
## TO TESTIFY AT A DEPOSITION TO EZRA SOFER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 30, 34 and 45 of the Federal Rules of

Civil Procedure, Defendant McAfee, Inc. ("McAfee"), will serve a Subpoena to Testify at a

Deposition in a Civil Action ("Subpoena") on Ezra Sofer.

PLEASE TAKE FURTHER NOTICE that the deposition will begin at 9:00 a.m. on

January 27, 2012, at Fish & Richardson P.C., 601 Lexington Avenue, 52nd Floor, New York,

NY 10022, or at such other place and time as may be agreed upon by counsel.  Said deposition

will continue from day-to-day until completed.  Some or all of the deposition testimony may be

recorded by stenographic, audio, audiovisual, video, and/or real-time computer means.

Dated: January 12, 2012                           FISH & RICHARDSON P.C.

/s/ Lauren M. Pringle
Thomas L. Halkowski (#4099)
Lauren M. Pringle (#5375)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
halkowski@fr.com
pringle@fr.com

David J. Healey, *admitted pro hac vice*
FISH & RICHARDSON P.C.
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
healey@fr.com

Justin Barnes, *admitted pro hac vice*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 32130
barnes@fr.com

Adam Steinert, *admitted pro hac vice*
FISH & RICHARDSON P.C.
60 South Sixth Street
3300 RBC Plaza
Minneapolis, MN 55402
steinert@fr.com

Counsel for Defendant MCAFEE, INC.

80117200.doc

2

# Exhibit 4

| | |
|---|---|
| From: | Justin Barnes |
| To: | Lee, Hannah; Margriet Hedden; Adam Steinert; Thomas Halkowski; Finjan-McAfee Delaware Opposing Counsel Service; William Marsden; Tony Zhang; Finjan Delaware F&R Service; David Healey |
| Cc: | Lauren Murphy Pringle |
| Subject: | RE: Finjan v. McAfee, et al.: McAfee notices of subpoenas and subpoenas |
| Date: | Monday, January 23, 2012 6:32:21 PM |

Ms. Lee,

We believe Mr. Sofer does know more than the limited information asked of him at his prior deposition, and if he remembers nothing now, that information itself is relevant for the Defendants' laches defense. Accordingly, we will not be withdrawing our subpoena. Please provide potential dates for Mr. Sofer's deposition at your earliest convenience. Thank you in advance.

Best Regards,

Justin Barnes

---

**From:** Lee, Hannah [mailto:HLee@KRAMERLEVIN.com]
**Sent:** Monday, January 23, 2012 1:55 PM
**To:** Margriet Hedden; Adam Steinert; Thomas Halkowski; Finjan-McAfee Delaware Opposing Counsel Service; William Marsden; Tony Zhang; Finjan Delaware F&R Service; David Healey
**Cc:** Lauren Murphy Pringle
**Subject:** RE: Finjan v. McAfee, et al.: McAfee notices of subpoenas and subpoenas

Counsel,

We are representing Ezra Sofer in connection with your subpoena. Mr. Sofer does not have any Finjan documents in his personal possession, and does not have information beyond what he had testified to in the previous Secure Computing litigation. He worked at Finjan for a short time and cannot recall much of anything now, and nothing in excess of what he testified to in 2007. Accordingly, we request that you withdraw your subpoena. Please confirm whether you will do so by the close of business tomorrow so that if necessary, we will file a motion to quash.

Regards,
Hannah


Hannah Lee

Associate
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1714
Fax:
Email: HLee@KRAMERLEVIN.com
http://www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

**From:** Margriet Hedden [mailto:hedden@fr.com]
**Sent:** Thursday, January 12, 2012 4:01 PM
**To:** Finjan-McAfee Delaware Opposing Counsel Service
**Cc:** Lauren Murphy Pringle
**Subject:** Finjan v. McAfee, et al.: McAfee notices of subpoenas and subpoenas


Dear Counsel:

Please find McAfee's notices of subpoenas with respective subpoenas and exhibits on Ezra Sofer and Limor Ebaz attached.  Thank you.


*Margriet E. Hedden*
*Legal Secretary*
*~ Fish & Richardson P.C.*
*222 Delaware Ave, 17th Floor*
*Wilmington, DE  19899*
Direct Dial (302) 778-8436
fax (302) 652-0607

********************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.(FR08-1203d)

********************************************************************************************************

# Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FINJAN, INC.,                                          )
a Delaware corporation,                                )
                                                       )
       Plaintiff,                                  )   Misc. No. _____
                                                       )
       v.                                          )   Civil Action No. 10-cv-00593-GMS
                                                       )   (pending in the District of Delaware)
MCAFEE, INC., a Delaware corporation,                  )
SYMANTEC CORP., a Delaware                             )
corporation, WEBROOT SOFTWARE,                         )
INC., a Delaware corporation,                          )
WEBSENSE, INC., a Delaware                             )
corporation, and SOPHOS, INC., a                       )
Massachusetts corporation,                             )
                                                       )
       Defendants.                                 )

## EZRA SOFER'S OBJECTIONS AND RESPONSES TO MCAFEE, INC.'S. SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 45, Ezra Sofer ("Mr. Sofer") hereby

objects and responds to Defendant McAfee, Inc.'s ("McAfee") Subpoena to Produce Documents

("Subpoena"). Mr. Sofer makes the objections and response herein (collectively the

"Responses") to McAfee's subpoena to produce documents based solely on his current

knowledge, understanding and beliefs as to the facts and information available to his as of the

date of these Responses. Mr. Sofer also files separately a motion to quash McAfee's subpoena to

testify at a deposition.

### GENERAL OBJECTIONS

1.     Mr. Sofer hereby incorporates by reference each and every general objection set

forth below into each and every specific Response. From time to time, a specific Response may

repeat a general objection for emphasis or for some other reason. The failure to include a general

1

objection in a specific Response shall not be interpreted as a waiver of that general objection to that Response.

2.    Mr. Sofer objects to the Subpoena as unduly burdensome and harassing as he previously produced documents and provided deposition testimony in the case, *Finjan Software, Ltd. v. Secure Computing Corp. et al.*, No. 06-369-GMS, in the United States District Court for the District of Delaware.

3.    Mr. Sofer objects to the Subpoena to the extent it seeks information which calls for a legal conclusion or information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or any other applicable privilege, doctrine or immunity.  Mr. Sofer will not disclose or produce any information so protected and the inadvertent disclosure or production of any such information shall not constitute a waiver of any applicable privilege, doctrine or immunity.

4.    Mr. Sofer objects to the Subpoena to the extent that it seeks information subject to a non-disclosure agreement, confidentiality agreement, or protective order.

5.    Mr. Sofer objects to the Subpoena as unduly burdensome to the extent that it seeks information that is irrelevant to the claims at issue in the above-captioned Action.

6.    Mr. Sofer objects to the Subpoena as unduly burdensome to the extent that it seeks information that can be more easily obtained from a party to the Action or a different source.

7.    Mr. Sofer objects to each and every Definition, Instruction and Request to the extent it purports to impose any requirement or discovery obligation on Mr. Sofer greater or different than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of this Court or rules of the Court governing these proceedings.

8.     Mr. Sofer objects to each and every Definition, Instruction and Request to the extent it seeks the production of documents and things that are not relevant and renders the Request overly broad, unduly burdensome and oppressive.

9.     Mr. Sofer objects to each and every Definition, Instruction and Request to the extent that it seeks information that is in the public domain or can be obtained from another source as easily as Mr. Sofer.

10.     Mr. Sofer objects to each and every Definition, Instruction and Request to the extent it calls for a legal conclusion or for information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or any other applicable privilege, doctrine or immunity. Mr. Sofer will not disclose or produce any documents or things so protected and the inadvertent disclosure or production of any such information shall not constitute a waiver of any applicable privilege, doctrine or immunity.

11.     Mr. Sofer objects to each and every Definition, Instruction and Request to the extent it is unreasonably cumulative or duplicative.

12.     Mr. Sofer objects to each and every Definition, Instruction and Request to the extent that it is vague and ambiguous.

13.     Mr. Sofer objects to each and every Definition, Instruction and Request to the extent it is unduly burdensome and oppressive to the extent it subjects Mr. Sofer to unreasonable and undue effort or expense.

14.     Mr. Sofer objects to each and every Definition, Instruction, and Request to the extent that it seeks information subject to a non-disclosure agreement, confidentiality agreement, or protective order.

3

15.     Mr. Sofer objects to each and every Definition, Instruction and Request to the extent that it seeks a third-party's confidential, proprietary, and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential.

16.     Mr. Sofer objects to the Definition of "describe" as overly broad and unduly burdensome, including the request for "all persons with knowledge" and "all documents."

17.     Mr. Sofer objects to the Definition of "Finjan related patents" to the extent it seeks information that is not relevant or to the extent it seeks information regarding foreign patents and related patents or applications that are not asserted in the present action.

18.     Ms. Sofer objects to the Definition of "document(s)" as overly broad and unduly burdensome to the extent it requires information beyond what is required by the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the rulings of the Court.

19.     Mr. Sofer objects to the definition of "Finjan" as overly broad, vague and ambiguous to the extent that it purports to require Mr. Sofer to identify entities beyond FI Delaware Inc., and is not relevant and to the extent it calls for a legal conclusion. Mr. Sofer further objects to this definition to the extent it seeks information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or any other applicable privilege, doctrine, or immunity.

20.     Mr. Sofer objects to the Definition of "Finjan instrumentality" as overly broad, vague and ambiguous. Mr. Sofer also objects to this definition to the extent it calls for a legal conclusion and technical expert testimony. Mr. Sofer further objects to this definition to the extent it seeks information that is not relevant or for information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or any other applicable privilege, doctrine, or immunity.

4

21.     Mr. Sofer objects to the Definition of "M86" and "M86 Security" as overly broad, vague and ambiguous to the extent that it purports to require Mr. Sofer to identify entities beyond M86 Security, Inc. and is not relevant and to the extent it calls for a legal conclusion. Mr. Sofer further objects to this definition to the extent it seeks information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or any other applicable privilege, doctrine, or immunity.

22.     Mr. Sofer objects to the Definition of "instrumentality" as it calls for a legal conclusion and it is overly broad, vague and ambiguous.

23.     Mr. Sofer objects to the Definition of "McAfee" as overly broad, vague and ambiguous to the extent that it purports to require Mr. Sofer to identify entities beyond McAfee Inc. and to the extent it calls for a legal conclusion.   Mr. Sofer further objects to this definition to the extent it seeks information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or any other applicable privilege, doctrine, or immunity.

24.     Mr. Sofer objects to the Definitions of "identify," "including," "relate to," "reflecting," "relating to," "concerning," and "thing" to the extent they are vague and ambiguous, overly broad and unduly burdensome, and purport to place obligations on Mr. Sofer that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Local Civil Rules of this Court or orders of the Court governing these proceedings.

25.     Mr. Sofer objects to the Definition of "prior art" to the extent it is vague, ambiguous, overbroad and/or calls for a legal conclusion.

26.     Mr. Sofer objects to the Instructions to the extent they are overly broad and unduly burdensome because they seek to impose obligations on Mr. Sofer that are broader than, or

inconsistent with, the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, rules of the Court governing these proceedings, or agreements by the parties.

## OBJECTIONS AND RESPONSES TO DOCUMENTS REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents and things related to any license or offer to license the Finjan patents-in-suit or any other Finjan patents, including without limitation the negotiations for such agreements, any draft agreements exchanged, and any due diligence related thereto.

### RESPONSE TO REQUEST NO. 1:

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that has already been produced to McAfee in this litigation. Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrases "offer to license," "negotiations," and "draft agreements exchanged." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information about patents not at issue in the present action. Mr. Sofer objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

**DOCUMENT REQUEST NO. 2:**

All documents and things related to any license any technology, including any Original Equipment Manufacturer ("OEM") license, between Finjan and the Defendants, their predecessors, successors, or affiliates, including without limitation the negotiations for such agreements, any draft agreements exchanged, and any due diligence related thereto.

**RESPONSE TO REQUEST NO. 2:**

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that has already been produced to McAfee in this litigation.   Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrases "any license any technology," "OEM," "offer to license," "negotiations," and "draft agreements exchanged." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information about patents not at issue in the present action. Mr. Sofer objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

7

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

## DOCUMENT REQUEST NO. 3:

All documents and things related to the relationship between Finjan and M86, including without limitation the negotiations for said agreement, any draft agreements exchanged, and any due diligence related thereto.

## RESPONSE TO REQUEST NO. 3:

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that has already been produced to McAfee in this litigation. Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrases "relationship," "agreement," "draft agreements exchanged," and "due diligence." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to the present action. Mr. Sofer objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

8

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

## DOCUMENT REQUEST NO. 4:

Documents and things sufficient to identify all revenue, profits and costs generated from the production, development, sale, or license of any instrumentality that practices the Finjan patents-in-suit.

## RESPONSE TO REQUEST NO. 4:

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that has already been produced to McAfee in this litigation. Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrase "any instrumentality that practices the Finjan patents-in-suit." Mr. Sofer also objects to this Request to the extent it calls for a legal conclusion. Mr. Sofer further objects to this Request to the extent it calls for technical expert testimony. Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to the present action. Mr. Sofer objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

**DOCUMENT REQUEST NO. 5:**

Non-privileged documents, communications, or opinions concerning the lawsuit against Defendants or Defendants' alleged patent infringement, including the potential of Finjan bringing such a lawsuit against Defendants.

**RESPONSE TO REQUEST NO. 5:**

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that has already been produced to McAfee in this litigation. Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the terms "opinions" and "potential." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to the present action. Mr. Sofer objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

10

**DOCUMENT REQUEST NO. 6:**

Documents and things sufficient to show any valuation of Finjan or the Finjan patents-in-suit by Finjan or another party.

**RESPONSE TO REQUEST NO. 6:**

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that has already been produced to McAfee in this litigation.   Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrase "valuation." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to the present action. Mr. Sofer objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

**DOCUMENT REQUEST NO. 7:**

All documents and things related to Finjan's actual and projected net revenues, profits, and/or losses on product sales, technology licenses, or distributions or other transfers of any Finjan patent or Finjan instrumentality, including Finjan's profit and loss statements.

**RESPONSE TO REQUEST NO. 7:**

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that has already been produced to McAfee in this litigation. Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrases "projected," "distributions," "other transfers," and "Finjan instrumentality." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to the present action. Mr. Sofer objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

**DOCUMENT REQUEST NO. 8:**

All documents and things related to Finjan's financial statements, including but not limited to any documents and things used to prepare such statements.

**RESPONSE TO REQUEST NO. 8:**

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this request as unduly burdensome to the extent it requests information that

has already been produced to McAfee in this litigation. Mr. Sofer also objects to this Request to the extent it seeks information that can be more appropriately or easily obtained from another source. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrases "financial statements" and "used to prepare such statements." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to the present action. Mr. Sofer also objects to this Request as overbroad and unduly burdensome to the extent it is not limited in time. Mr. Sofer also objects to this Request to the extent it seeks a third-party's confidential, proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing general and specific objections, and to the extent he understands this request, Mr. Sofer responds that he does not have documents to produce.

**DOCUMENT REQUEST NO. 9:**

All documents and communications concerning your decision to leave Finjan.

**RESPONSE TO REQUEST NO. 9:**

Mr. Sofer incorporates by reference his General Objections as if fully set forth herein. Mr. Sofer objects to this Request as vague and ambiguous, particularly to the phrases "concerning" and "decision to leave." Mr. Sofer objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to the present action. Mr. Sofer also objects to this Request as overbroad and unduly burdensome to the extent it is not limited in

13

time. Mr. Sofer also objects to this Request to the extent it seeks a third-party's confidential,

proprietary and/or trade secret information for which Mr. Sofer is under a legal or contractual

obligation to keep confidential. Mr. Sofer further objects to this Request to the extent it requests

information that is subject to a claim of privilege, including, without limitation, the attorney-

client privilege and/or attorney-work product doctrine, or other applicable privilege, doctrine, or

immunity. Mr. Sofer also objects to this Request to the extent it seeks information that can be

more appropriately or easily obtained from another source.


Dated: January 25, 2012                    By:   _/s/ Paul J. Andre_
                                                 Paul J. Andre
                                                 Lisa Kobialka
                                                 James Hannah
                                                 Kramer Levin Naftalis & Frankel LLP
                                                 990 Marsh Road
                                                 Menlo Park, CA 94025
                                                 (650) 752-1700

                                                 Philip A. Rovner (#3215)
                                                 Jonathan A. Choa (#5319)
                                                 POTTER ANDERSON & CORROON LLP
                                                 Hercules Plaza
                                                 P. O. Box 951
                                                 Wilmington, DE  19899 (302) 984-6000
                                                 provner@potteranderson.com
                                                 jchoa@potteranderson.com

                                                 *Representing Non-Party*
                                                 EZRA SOFER


14

## CERTIFICATE OF SERVICE

I, Paul J. Andre, hereby certify that, on January 25, 2012, the within document was

served on the following counsel in the manner indicated below:

### BY E-MAIL

| | |
|---|---|
| Jack B. Blumenfield, Esq.<br>Maryellen Noreika, Esq.<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>MNATSymantec_Finjan@mnat.com<br><br>Attorneys for Defendant<br>Symantec Corp. | Thomas C. Grimm, Esq.<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Webrootsoftware_finjan@mnat.com<br>Websense_Finjan@mnat.com<br><br>Attorneys for Defendants<br>Webroot Software, Inc. and Websense, Inc. |
| Denise S. Kraft, Esq.<br>Aleine Porterfield, Esq.<br>DLA Piper LLP (US)<br>919 N. Market Street, Suite 1500<br>Wilmington, DE 19801<br>Denise.kraft@dlapiper.com<br>Aleine.porterfield@dlapiper.com<br>Sophos@dlapiper.com<br><br>Attorneys for Defendant<br>Sophos, Inc. | Thomas Halkowski, Esq.<br>William Marsden, Jr., Esq.<br>Lauren Murphy Pringle, Esq.<br>Linhong Zhang, Esq.<br>Fish & Richardson P.C.<br>222 Delaware Ave., 17th Floor<br>Wilmington, DE 19899<br>halkowski@fr.com<br>marsden@fr.com<br>pringle@fr.com<br>zhang@fr.com<br><br>Attorneys for Defendant<br>McAfee, Inc. |
| David A. Nelson, Esq.<br>Quinn Emanuel Urquhart & Sullivan<br>500 West Madison Street, Suite 2450<br>Chicago, IL 60661<br>Finjan-Symantec@quinnemanuel.com<br><br>Co-counsel for Defendant<br>Symantec Corp. | Jennifer Kash, Esq.<br>Sean Pak, Esq.<br>Quinn Emanuel Urquhart & Sullivan<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Finjan-Symantec@quinnemanuel.com<br><br>Co-counsel for Defendant<br>Symantec Corp. |

| | |
|---|---|
| Mark Baker, Esq.<br>Quinn Emanuel Urquhart & Sullivan<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Finjan-Symantec@quinnemanuel.com<br><br>Co-counsel for Defendant<br>Symantec Corp. | Wayne Stacy, Esq.<br>Orion Armon, Esq.<br>Carolyn Juarez, Esq.<br>James Brogan, Esq.<br>Cooley LLP<br>380 Interlocken Crescent, Suite 900<br>Broomfield, CO 80021<br>Webroot-finjan@cooley.com<br><br>Mark Smith, Esq.<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Webroot-finjan@cooley.com<br><br>Co-counsel for Defendant<br>Webroot Software, Inc. |
| John Kyle, Esq.<br>Anthony Stiegler, Esq.<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Websense-Finjan@cooley.com<br><br>Co-counsel for Defendant<br>Websense, Inc. | Adam Steinert, Esq.<br>Fish & Richardson P.C.<br>3200 RBC Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>steinert@fr.com<br>FinjanDelawareF&RService@fr.com<br><br>Co-counsel for Defendant<br>McAfee, Inc. |

| | |
|---|---|
| John Allcock, Esq.<br>John Kinton, Esq.<br>Kathryn Riley Grasso, Esq.<br>DLA Piper LLP<br>401 B Street, Suite 1700<br>San Diego, CA 92101<br>John.allcock@dlapiper.com<br>John.kinton@dlapiper.com<br>Kathryn.riley@dlapiper.com<br>Sophos@dlapiper.com<br><br>Todd S. Patterson, Esq.<br>DLA Piper LLP<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701<br>Todd.patterson@dlapiper.com<br>Sophos@dlapiper.com<br><br>Co-counsel for Defendant<br>Sophos Inc. | Justin Barnes, Esq.<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>FinjanDelawareF&RService@fr.com<br><br>David Healey, Esq.<br>Fish & Richardson P.C.<br>1 Houston Center<br>1221 McKinney Street, Suite 2800<br>Houston, TX 77010<br>healey@fr.com<br>FinjanDelawareF&RService@fr.com<br><br>Co-Counsel for Defendant<br>McAfee, Inc. |

*/s/ Paul J. Andre*
Paul J. Andre
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

# CERTIFICATE OF SERVICE

I, Paul J. Andre, hereby certify that, on January 26, 2012, the Notice Of Mr. Ezra

Sofer's Motion To Quash Subpoena And For Protective Order, along with supporting

Memorandum of Law, Declaration of Benu Mehra, Esq. (with exhibits) and Affidavit of

Mr. Ezra Sofer, were served on the following counsel in the manner indicated below:

## BY E-MAIL

| | |
|---|---|
| Jack B. Blumenfield, Esq.<br>Maryellen Noreika, Esq.<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>MNATSymantec_Finjan@mnat.com<br><br>Attorneys for Defendant<br>Symantec Corp. | Thomas C. Grimm, Esq.<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Webrootsoftware_finjan@mnat.com<br>Websense_Finjan@mnat.com<br><br>Attorneys for Defendants<br>Webroot Software, Inc. and Websense, Inc. |
| Denise S. Kraft, Esq.<br>Aleine Porterfield, Esq.<br>DLA Piper LLP (US)<br>919 N. Market Street, Suite 1500<br>Wilmington, DE 19801<br>Denise.kraft@dlapiper.com<br>Aleine.porterfield@dlapiper.com<br>Sophos@dlapiper.com<br><br>Attorneys for Defendant<br>Sophos, Inc. | Thomas Halkowski, Esq.<br>William Marsden, Jr., Esq.<br>Lauren Murphy Pringle, Esq.<br>Linhong Zhang, Esq.<br>Fish & Richardson P.C.<br>222 Delaware Ave., 17th<br>Floor Wilmington, DE 19899<br>halkowski@fr.com<br>marsden@fr.com<br>pringle@fr.com<br>zhang@fr.com<br><br>Attorneys for Defendant<br>McAfee, Inc. |
| David A. Nelson, Esq.<br>Quinn Emanuel Urquhart & Sullivan<br>500 West Madison Street, Suite 2450<br>Chicago, IL 60661<br>Finjan-Symantec@quinnemanuel.com<br><br>Co-counsel for Defendant<br>Symantec Corp. | Jennifer Kash, Esq.<br>Sean Pak, Esq.<br>Quinn Emanuel Urquhart & Sullivan<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Finjan-Symantec@quinnemanuel.com<br><br>Co-counsel for Defendant<br>Symantec Corp. |

| | |
|---|---|
| Mark Baker, Esq.<br>Quinn Emanuel Urquhart & Sullivan<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Finjan-Symantec@quinneemanuel.com<br><br>Co-counsel for Defendant<br>Symantec Corp. | Wayne Stacy, Esq.<br>Orion Armon, Esq.<br>Carolyn Juarez, Esq.<br>James Brogan, Esq.<br>Cooley LLP<br>380 Interlocken Crescent, Suite 900<br>Broomfield, CO 80021<br>Webroot-finjan@cooley.com<br><br>Mark Smith, Esq.<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Webroot-finjan@cooley.com<br><br>Co-counsel for Defendant<br>Webroot Software, Inc. |
| John Kyle, Esq.<br>Anthony Stiegler, Esq.<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Websense-Finjan@cooley.com<br><br>Co-counsel for Defendant<br>Websense, Inc. | Adam Steinert, Esq.<br>Fish & Richardson P.C.<br>3200 RBC Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>steinert@fr.com<br>FinjanDelawareF&RService@fr.com<br><br>Co-counsel for Defendant<br>McAfee, Inc. |

| | |
|---|---|
| John Allcock, Esq.<br>John Kinton, Esq.<br>Kathryn Riley Grasso, Esq.<br>DLA Piper LLP<br>401 B Street, Suite 1700<br>San Diego, CA 92101<br>John.allcock@dlapiper.com<br>John.kinton@dlapiper.com<br>Kathryn.riley@dlapiper.com<br>Sophos@dlapiper.com<br><br>Todd S. Patterson, Esq.<br>DLA Piper LLP<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701<br>Todd.patterson@dlapiper.com<br>Sophos@dlapiper.com<br><br>Co-counsel for Defendant<br>Sophos Inc. | Justin Barnes, Esq.<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>FinjanDelawareF&RService@fr.com<br><br>David Healey, Esq.<br>Fish & Richardson P.C.<br>1 Houston Center<br>1221 McKinney Street, Suite 2800<br>Houston, TX 77010<br>healey@fr.com<br>FinjanDelawareF&RService@fr.com<br><br>Co-Counsel for Defendant<br>McAfee, Inc. |

*/s/ Paul J. Andre*
Paul J. Andre
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700